**E-FILED**
Thursday, 13 July, 2006  03:34:03 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GRAHAME PRIEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3146 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on cross motions for summary judgment.  IRS's Motion for Summary Affirmance (d/e 11) (IRS's Motion); Plaintiff's Motion for Summary Judgment (d/e 16).  The Internal Revenue Service (IRS) seeks affirmance of the Appeals Office's decision upholding the IRS's assessment of a $500.00 frivolous return penalty against Plaintiff Grahame Priest for filing a frivolous tax return.  In its Motion, the IRS further asks the Court to dismiss Priest's remaining substantive claims for lack of subject matter jurisdiction.  Plaintiff Priest asks the Court to invalidate the Appeals Office's Notice of Determination finding the imposition of the civil penalty proper.  Plaintiff has filed the instant

Complaint (d/e 1) seeking judicial review of the Notice of Determination issued by the Appeals Office.  He argues that this Court should invalidate the Notice of Determination because the Appeals Office failed to provide him with the requisite Collection Due Process (CDP) hearing authorized under 26 U.S.C. §§ 6320 and 6330.  Plaintiff further requests in his Complaint an order cancelling all levy and lien and actions against him, a tax refund of $36,000.00 for the 2000 tax year, and an award of litigation costs.  For the reasons set forth below, the IRS's Motion for Summary Affirmance concerning the Notice of Determination is ALLOWED, and Plaintiff Priest's Motion for Summary Judgment is DENIED.  Plaintiff's remaining substantive claims are dismissed for lack of subject matter jurisdiction.  Plaintiff's request for litigation costs is DENIED.  All pending motions are denied as moot.  This case is closed.

## STATEMENT OF FACTS

In October 2001, Plaintiff Grahame and his wife, Leonny Priest, filed their 2000 federal income tax return, reporting a gross income of $258,264.00 and a total tax liability of $75,635.00.  Sometime in February 2002, they amended their 2000 tax return by filing an Amended Federal Income Tax Return on Form 1040X.  See IRS's Motion, Ex. 2, 1040X

Amended Tax Return.  In this Amended Return, Priest attempted to reduce his tax liability by putting all "zeros" on lines 1 through 10 of the 1040X form, the lines provided for "Income and Deductions," and explained his reason for doing so as follows: "Due to ignorance, we reported sources of income as being 'income' itself when in fact, we had no statutory income to report.  Income overstated on original return." Id.  The Amended Return recited that Priest had paid $36,000.00 of the total tax liability in the original return.  In his Amended Return, Priest accordingly sought a refund of $36,000.00.  By letters dated May 2, 9, and 23, 2003, the IRS informed Priest that the Amended Return he had filed was frivolous and lacked any legal basis.[1]  The letters also informed Priest of the potential consequences of filing a frivolous tax return; the letters stated that if Priest failed to correct his Amended Return within 30 days from the date of the letters, he would be subject to a civil penalty for filing a frivolous tax return under 26 U.S.C. § 6702.  IRS's Motion, Ex. 3, IRS letter dated 5/2/03; IRS's Motion, Ex. 4, IRS letter dated 5/9/03; IRS's Motion, Ex. 5, IRS letter dated 5/23/03.

According to the IRS, in a letter dated June 2, 2003, Priest responded to the IRS's letters by again making frivolous and absurd arguments.  IRS's

---

[1]The Court notes that all three letters are identical.

<u>Motion</u>, Ex. 6, <u>Priest's letter dated 6/2/03</u>.  Priest neither corrected nor withdrew the 2000 Amended Tax Return.  The IRS, therefore, assessed a $500.00 civil penalty against Priest pursuant to § 6702.  On October 13, 2004, in accordance with procedures set forth in § 6330, the IRS sent Priest, by certified mail, a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" for Priest's unpaid frivolous return penalty.  <u>IRS's Motion</u>, Ex. 8, <u>Notice of Intent to Levy dated 10/13/04</u>.  On October 15, 2004, the IRS sent Priest, by certified mail, a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" for Priest's unpaid frivolous return penalty.  <u>IRS's Motion</u>, Ex. 9, <u>Notice of Federal Tax Lien Filing dated 10/15/04</u>.

Priest responded to such Notices by a letter dated November 8, 2004. In this three-page letter, Priest stated in part that "the IRS has *no legal authority* to seize (levy) our 'paycheck, bank account, auto or other property if (the IRS) does not receive payment in full' as it threatens to do in your letter."  <u>IRS's Motion</u>, Ex. 10, <u>Priest's letter dated 11/8/04</u>.  Also in the letter, Priest raised the following questions:

1.    Is the paying of Federal income tax voluntary?

2.    If not, which section of the Internal Revenue Code (with

the full force and effect of Congress) makes the payment of Federal income taxes mandatory?

3.  Which section of the Internal Revenue Code establishes an income tax 'liability', as for example, **Code Sections 4401, 5005, and 5703** do with respect to wagering, alcohol, and tobacco taxes?

4.  Which *legislative* regulations are claimed to implement Code Sections 6212 and 6213, since I have not been able to locate them?

5.  What is the "text of any written determination and any background file documents relating to the determination" that our "zero" return was not correct as provided in 26 USC 6110?

6.  Since Sections 6001 and 6011 (as referred to in the Privacy Act Notice that is contained in the 1040 booklet) only direct us to **comply with Treasury regulations,** which Treasury regulation imposes upon us a legal obligation to treat seriously the "changes/adjustments" you have proposed to our tax return?

7.  What statute(s) and implementing regulations(s) allowed you to "change/adjust/figure" our tax return?

8.  Where is the Delegation Order from the Secretary of the Treasury authorizing you to act on his behalf?

Id.

On November 19, 2004, Priest subsequently requested a CDP hearing pursuant to §§ 6320 and 6330.  Priest listed the following ten reasons why he did not agree with the IRS's assessment of the penalty fee: (1) failure of

IRS to establish a tax liability or requirement to pay, (2) failure of IRS to follow procedures, (3) illegal changes to tax return by IRS, (4) failure of IRS to fulfill its mission, (5) threats by the IRS to steal Priest's property without Court authority, (6) no delegation authority from Secretary of the Treasury, (7) the tax system is based on self-assessment, (8) no definition of income, (9) unconstitutional, and (10) void for vagueness.  <u>IRS's Motion</u>, Ex. 11, <u>Request for a CDP hearing</u>.

Following Priest's request for a CDP hearing, Appeals Team Manager Gloria Ball-Hiller notified Priest that Appeals Officer Randy J. Allen in the Peoria Appeals Office would be handling his case.  In a letter dated February 28, 2005, Appeals Team Manager Ball-Hiller advised Priest to direct all future inquiries regarding his request for a CDP hearing to Appeals Officer Allen.  In a letter dated March 2, 2005, Appeals Officer Allen informed Priest that the arguments set forth in his CDP hearing request form were not only frivolous and groundless but also were the type of "moral, religious, political, constitutional, conscientious, or similar" arguments that the Appeals Office would not consider.  <u>IRS's Motion</u>, Ex. 13, <u>IRS letter dated 3/02/05</u>.  The letter further stated in part:

Appeals does not provide a face-to-face conference if the only

6

items you wish to discuss are those mentioned above.  You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability.  These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise.  The Internal Revenue Manual determines whether Appeals can accept your proposal.  If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

In the meantime, I have scheduled a telephone conference for you on April 5, 2005 at 1:30 p.m.  If this is not convenient for you, or if you prefer to conduct your hearing by correspondence, please contact me as soon as possible.  I would be happy to consider other dates within 14 days of the scheduled conference.  If I don't hear from you before the scheduled conference date, I will issue the required determination letter based on the information in the file.

Id.

Priest responded by a letter dated March 23, 2005, indicating that "Due to the remoteness of [the Peoria Appeals Office] [he and his wife] would prefer to correspond by mail."  IRS's Motion, Ex. 14, Priest's letter dated 3/23/05.  Priest also indicated in the letter that he would be out of town from April 2 to April 17, 2005.  Id.  Following the receipt of Priest's letter, Appeals Officer Allen sent a letter to Priest, stating "[w]e received

your letter dated March 23, 2005, in which you indicated that you would like to conduct the hearing in your case via correspondence." IRS's Motion, Ex. 15, Officer Allen's letter dated 4/6/05. Appeals Officer Allen also stated in the letter that the deadline to submit any additional materials that Priest wanted the Appeals Office to consider in making its determination would be extended until April 27, 2005. Id.

Priest responded by a three-page letter dated April 23, 2005. He initially questioned whether his request for a CDP hearing was denied or whether communication via correspondence was part of the hearing process. In his letter, Priest also raised 16 general questions concerning the propriety of the federal income tax system and the constitutional authority of the IRS to collect taxes.[2]

---

[2]The following are the 16 general challenges that Priest raised:

1.     Is the Federal income tax system voluntary?
2.     If not, which section of the Internal Revenue Code, with the full force and effect of Congress, makes the payment of Federal incomes [sic] taxes mandatory?
3.     Which section of the Internal Revenue Code establishes an income tax 'liability', as for example, Code Sections 4401, 5005, and 5703 do with respect to wagering, alcohol, and tobacco taxes?
4.     Which section of the Internal Revenue Code provides that income taxes 'have to be paid on the basis of a return', as for example Code sections 4374, 4401(c), 5061(a), and 5703(b) do with respect to wagering, alcohol, and tobacco taxes?
5.     Which section of the Internal Revenue Code establishes a definition for 'income'?
6.     Is income tax a direct tax or an indirect tax?

7.   Isn't it true that the Supreme Court ruled that the Sixteenth Amendment did not alter the Constitution?

8.   What law, with the full force and effect of Congress, allows the IRS to seize my property when Sections 3102(d) and 3104(a) of the Federal Debt Collection Procedure Act confirm that only U.S. Marshals, armed with court orders and writs of attachment and writs of garnishment, are authorized to seize property.  In addition 3104(b)(A) provides that even with a court order and a writ of garnishment, "the earnings of the debtor shall not be subject to garnishment"?

9.   When Delegation Order No. 157 (Rev. 5) only authorizes Special Agents to seize property "when involved, used or intended to be used, in violation of the internal revenue laws....", what law, with the full force and effect of Congress, allows an IRS agent to seize property *in payment* of taxes?

10.   Since Sections 6001 and 6011 (as referred to in the Privacy Act Notice that is contained in the 1040 booklet) only direct us to comply with Treasury regulations, which Treasury regulation imposes upon us a legal obligation to treat seriously the "changes/adjustments" that have been proposed to our tax return?

11.   What law, with the full force and effect of Congress, authorizes the IRS to send out anonymous and unsigned letters threatening to seize my home if I don't send them money straight away?

12.   What law, with the full force and effect of Congress, authorizes the IRS to send out letters that are not part of the Federal Debt Collection Procedure Act?

13.   Where is the Delegation Order from the Secretary of the Treasury authorizing unidentified IRS agents to act on his behalf by sending out anonymous and unsigned letters threatening to seize my home if I don't send them money straight away?

14.   When IR Code Section 7608(a) limits the seizure authority of IRS employees to subtitle E and "other laws pertaining to liquor, tobacco, and firearms."  and IR Code Section 7608(b) limits the "enforcement of laws relating to internal revenue other than subtitle E" to Special Agents, what authorizes the IRS to send out anonymous and unsigned letters threatening to seize my property, especially when I have nothing to do with liquor, tobacco or firearms?

15.   What law, with the full force and effect of Congress, or which part of the Federal Debt Collection Procedures Act, authorizes the IRS to have an illegal Federal Tax Lien placed against my home by the IRS, without a Due Process Hearing?

16.   What law, with the full force and effect of Congress, or which part of the Federal Debt Collection Procedures Act, authorizes the IRS to have an illegal Federal Tax Lien placed against my home by the IRS, without a

On May 11, 2005, the Appeals Office issued a Notice of Determination finding that Priest's request for relief from the imposition of the frivolous return penalty was without merit and that his general challenges to the authority of the federal Government and the IRS to collect taxes were similarly unavailing because such challenges were not matters relevant to the administrative hearing.   The Notice stated that the determination was based on the following:

**<u>Verification of legal and procedural requirements:</u>**

With the best information available, Appeals has determined that the requirements of various applicable law or administrative procedures have been met.

-A levy source was identified per the Internal Revenue Manual (IRM).
-Notice and Demand were mailed to your last known address within 60 days of assessment, as required by IRC section 6303.
-The CDP Notices, Letter 3172 and Letter 1058, were sent by certified mail return receipt requested to your current mailing address per IRC section 6330(a) and 6331(d).
-There was a balance due when the CDP notice was issued per Internal Revenue Code (IRC) section 6322 and 6331(a).
-The Settlement Officer has had no prior involvement with you, either in Compliance or in Appeals, concerning the applicable tax periods in this CDP case.

---

court order?
<u>IRS's Motion</u>, Ex. 16, <u>Priest's letter dated 4/23/05</u>.

-There is no indication that you have a bankruptcy case or had a pending bankruptcy case at the time your CDP notice was sent.

**Issues Raised by the Taxpayer:**

The notations on your hearing request and in your letter dated April 23, 2005 indicate that you continue to assert general, non-specific challenges to the existence of the liabilities and the authority of the Service to collect said assessments.

\* \* \* \*

**Balancing the need for efficient tax collection with taxpayer concern that the collection action be no more intrusive than necessary:**

\* \* \* \*

In balancing the least intrusive method of collection with the need to efficiently administer the tax laws in the collection of revenue, the balance in this case favors the proposed levy and filed Notice of Federal Tax Lien, notwithstanding their intrusiveness.  You have presented no information that would allow consideration of any other alternatives.  You provided no information to determine your ability to pay.  The Service has responded to the issues raised by you in a manner consistent with recent Tax Court precedent.  Appeals procedures do not extend to cases involving solely the failure of refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds.   See CFR 601.106(b).  Since you raised no specific issues concerning the proposal to levy or the filing of the Notice of Federal Tax Lien, . . . , the filing of the Lien, and the proposal to levy, is sustained.

IRS's Motion, Ex. 17, Notice of Determination dated 5/11/05.  The Notice

further informed Priest of his appeal rights, specifically that he had 30 days from the date of the Notice to appeal the Notice of Determination by filing a complaint in the appropriate United States District Court.

On June 10, 2005, Plaintiff Priest timely filed the appeal with this Court.  In his Complaint, Plaintiff Priest seeks: (1) review of the IRS's Notice of Determination, (2) an order invalidating all levy and lien actions against him, (3) a tax refund of $36,000.00 for the 2000 tax year, and (4) an award of litigation costs.

## STANDARD OF REVIEW

The issues before the Court are presented in part as cross motions for summary judgment.  Several courts have held that the summary judgment standard provided in Fed.R.Civ.P. 56 "is not properly suited to accommodate the procedural posture of judicial review of administrative agency decisions in general."  <u>AllGlass Systems, Inc. v. C.I.R.</u>, 330 F.Supp.2d 540, 543 (E.D. Pa. 2004) (citing <u>STA Painting Co. v. Internal Revenue Service</u>, No. Civ. A. 02-7133, 2004 WL 257393 (E.D. Pa. 2004)). The Government asks the Court to affirm the Appeals Office's Notice of Determination concerning the frivolous return penalty assessed against Priest.

Section 6330(d)(1)(B) provides for judicial review but does not set forth the standard of review to be used by the courts.  Id.  Courts have, however, held that when reviewing a decision of an administrative agency, an abuse of discretion standard is the appropriate standard to be applied if the "underlying tax liability" was not properly at issue in the administrative hearing.  Gillett v. United States, 233 F.Supp.2d 874, 882 (W.D. Mich. 2002); see Sego v. C.I.R., 114 T.C. No. 37, 2000 WL 889754 (U.S. Tax. Ct. 2000).  When the administrative hearing deals with the imposition of a civil penalty for filing a frivolous return, the "underlying tax liability" is the frivolous return penalty, not the underlying tax liability to pay taxes for a particular year.  Gillett, 233 F.Supp.2d at 883; Lemieux v. United States, 230 F.Supp.2d 1143, 1145 (D.Nev. 2002).  "An abuse of discretion 'means something more than' the court's belief that it would 'have acted differently if placed in the circumstances confronting the' lower tribunal."  Collectors Training Institute, Inc. v. United States, 2005 WL 2648676 at *4 (N.D. Ill. 2005)(quoting Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1131 (7th Cir. 2002)).  "For an abuse of discretion to occur," the IRS's Notice of Determination must be "fundamentally wrong."  Johnson, 280 F.3d at

1131.[3]

This Court adopts the abuse of discretion standard because the validity of the frivolous return penalty, the tax liability at issue, was not properly part of the administrative appeal.  Plaintiff Priest did not raise any appropriate matters specifically allowed at the CDP hearing; rather, he only raised general questions concerning the authority of the IRS and the federal Government to collect taxes.

## ANALYSIS

Pursuant to 26 U.S.C. § 6702, the IRS has the authority to assess a penalty against a taxpayer who files a frivolous tax return.[4]  26 U.S.C. §

---

[3]The Court notes that in cases where the validity of the tax liability was properly at issue in the administrative hearing, courts have conducted a de novo review, limiting the review only to issues raised in the administrative hearing.  Gillett, 233 F.Supp.2d at 882 (quoting Reinhart v. I.R.S., 2002 WL 1095351 at *4 (E.D. Cal. 2002)).  The Court further notes that regardless of which standard of review is used, the IRS is entitled to summary affirmance.

[4]Section 6702(a) specifically provides:
**(a)  Civil Penalty**. --If--
**(1)**  any individual files what purports to be a return of the tax imposed by subtitle A but which--
  **(A)**  does not contain information on which the substantial correctness of the self-assessment may be judged, or
  **(B)**  contains information that on its face indicates that the self-assessment is substantially incorrect; and
**(2)** the conduct referred to in paragraph (1) is due to--
  **(A)**  a position which is frivolous, or
  **(B)**  a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500.

6702. An objective test is used when determining whether a tax return filed by an individual is frivolous. The question asked is whether the "position taken by the individual has no basis in fact or law." Gillett, 233 F.Supp.2d at 881 (citing Bradley v. United States, 817 F.2d 1400, 1404 (9th Cir. 1987); Klunder v. United States, No. C99-542R, 2000 WL 555963 at *1 (W.D. Wash. 2000)).

In this case the IRS's sanction against Priest for filing a frivolous return was appropriate. Priest had initially filed a tax return for the 2000 tax period, reporting an adjusted gross income of $258,264.00 and a total tax liability of $75,635.00. He subsequently filed a 1040X Amended Return claiming that he had no "statutory income to report." 1040X Amended Tax Return. As such, he put "zeros" on the lines provided for "Income and Deductions." Plaintiff Priest's Amended Return, on its face, was incorrect and his basis for filing such a return was frivolous. Indeed, numerous federal courts have deemed such returns frivolous. Gillett, 233 F.Supp.2d at 881 (citing cases); Sisemore v. United States, 797 F.2d 268, 270 (6th Cir. 1986) (citing Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985); Jolly v. United States, 764 F.2d 642, 644-47 (9th Cir. 1985); Stelly v. C.I.R., 761 F.2d 1113 (5th Cir. 1985); Lovell v. United States, 755

F.2d 517, 519 (7th Cir. 1984) (per curiam); <u>Davis v. United States</u>, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam)).  Accordingly, the frivolous return penalty assessed against Priest was proper.

The IRS must notify the taxpayer of his right to a CDP hearing once the IRS files a notice of federal tax lien or before it issues an IRS levy. <u>Bartley v. United States I.R.S.</u>, 343 F.Supp.2d 649, 652 (N.D. Ohio 2004) (citing 26 U.S.C. §§ 6330(a) and 6331(d)).  This must be done within 30 days of the notice of intent.  <u>Id.</u>  In the present case, the IRS satisfied the above requirement.  As noted previously, the IRS sent Priest, by certified mail, a "Final Notice of Intent to Levy and Notice of Your Right to Hearing", dated October 13, 2004, and a "Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320", dated October 15, 2004. The October 15, 2004, Notice informed Priest that if he wished to have a CDP hearing, his request for such a hearing must be received by November 22, 2004.  In response to the two Notices, Plaintiff Priest timely requested a CDP hearing pursuant to §§ 6320(b) and 6330(b).  Section 6320(b)(4) provides that "[t]o the extent practicable, a hearing under this section shall be held in conjunction with a hearing under section 6330."  26 U.S.C. § 6320(b)(4).

The following elements must be present to qualify as a proper CDP hearing: "(1) an impartial officer will conduct the hearing; (2) certain issues may be heard such as an offer-in-compromise; (3) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; and (4) a challenge to the underlying tax liability may be raised only if the taxpayer did not receive a statutory notice of deficiency or receive an opportunity to dispute such liability." AllGlass Systems, Inc., 330 F.Supp.2d at 544 (quoting Day v. C.I.R., T.C. Memo. 2004-30 at 5, 2004 WL 213726 (U.S. Tax Ct. 2004)); see 26 U.S.C. 6330(b).

The record shows that the CDP hearing was conducted in a fashion that satisfied the requirements of §§ 6320 and 6330. The record of evidence indicates that Appeals Officer Allen, who conducted the hearing, was an impartial officer. Prior to being designated as an appeals officer in charge of Priest's case file, Allen had no knowledge of Priest's case file.

The evidence in the record and case law clearly show that the arguments advanced by Priest in support of his request for a CDP hearing were patently frivolous. Indeed, the nine arguments raised by Priest in his CDP hearing request form are those that have been previously rejected by

federal courts as groundless or without basis in law.  Appeals Officer Allen

specifically advised Priest against raising such frivolous arguments.  In a

letter dated March 2, 2005, Appeals Officer Allen informed Priest that he

would not be entitled to a face-to-face hearing if the only arguments he

wished to discuss were frivolous contentions without basis in law, as

opposed to legitimate issues relating to the validity of the underlying tax

liability.  Despite Appeals Officer Allen's advice to the contrary, by a letter

dated April 23, 2005, Priest again raised general challenges to the power of

the IRS and the federal Government to collect taxes.  None of the issues

raised by Priest qualify as legitimate issues relating to the underlying tax

liability or matters permitted under § 6330.

At the request of Priest, Appeals Officer Allen conducted the

administrative hearing via written correspondence.  Priest clearly indicated

in a letter dated March 23, 2005, that he wished to communicate by mail.

In response, by a letter dated April 6, 2005, Appeals Officer Allen confirmed

that the CDP hearing would be conducted via correspondence and gave

Priest until April 27, 2005, to submit any additional information or files in

support of his position.

After being afforded an opportunity to dispute the underlying tax

liability at the CDP hearing, Plaintiff Priest cannot now complain that he was not afforded a fair hearing because there was no face-to-face conference. This is because Priest himself had requested that the hearing be conducted via correspondence, and because he failed to raise any legitimate issues relating to the underlying tax liability, or matters specifically permitted under § 6330, to warrant a face-to-face hearing. Moreover, because a CDP hearing is informal in nature, the appeals officer is not obligated to conduct a face-to-face hearing. See Loofbourrow v. C.I.R., 208 F.Supp.2d 698, 707 (S.D. Tex. 2002) ("Indeed, the regulations implementing the Internal Revenue Code describe the CDP hearing as 'informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.'"); see also Stewart v. C.I.R., 2004 WL 838045 at *2 (W.D. Pa. 2004) ("A CDP Hearing is 'informal in nature.' . . . Indeed, if the time and location of a meeting is not satisfactory to the taxpayer, the Appeals Officer's review of the request for the hearing, the case file, and other written or oral communications 'will constitute the CDP hearing for the purposes of section 6330(b).'"). Plaintiff Priest clearly

received notice and opportunity to be heard.[5]

The appeals office issued the May 11, 2005, Notice of Determination in accordance with the requirements set forth in § 6330. Indeed, the appeals officer: (1) obtained verification from the Secretary that the requirements of various applicable law or administrative procedures had been met, (2) addressed the general challenges raised by Priest regarding the authority of the IRS to collect taxes and found that such arguments were frivolous, and (3) concluded that "[i]n balancing the least intrusive method of collection with the need to efficiently administer the tax laws in the collection of revenue, the balance in th[e] case favor[ed] the proposed levy and filed Notice of Federal Tax Lien, notwithstanding their intrusiveness." Notice of Determination dated 5/11/05 at 6.

Having reviewed the record, the Court finds that the Appeals Office did not abuse its discretion when it issued the May 11, 2005, Notice of

---

[5]Despite raising patently frivolous challenges to the general authority of the federal government and the IRS to collect taxes, Plaintiff insists that his claims are not frivolous. He further asserts: "Why, for more than three years, has the Defendant refused to answer the most simple and basic questions upon that which they are the self-appointed experts? Such cavalier neglect of duty should not be allowed to continue." Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment (d/e 17) at 3. Contrary to Plaintiff's contention, the appeals officer had no duty "to respond to such well-worn and frivolous arguments." Gillette, 233 F.Supp.2d at 883 (citing Reinhart, 2002 WL 1095351 at *6; United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994)).

Determination concerning the frivolous return penalty.  Priest received notice and a full opportunity to be heard prior to the IRS levy and the Notice of Federal Tax Lien Filing.

Priest also seeks: (1) injunctive relief, specifically an order canceling the lien and levy, (2) a tax refund for the 2000 tax year, and (3) an award of litigation costs.  This Court lacks subject matter jurisdiction to grant Priest's first two remaining requests.  Priest's third remaining request is denied.

To the extent that Priest requests a court order revoking a lien or a levy, this Court lacks subject matter jurisdiction.  In order to bring a suit against the United States in federal court, a plaintiff must satisfy two requirements: he must identify: (1) "a statute that confers subject matter jurisdiction on the district court" and (2) "a federal law that waives the sovereign immunity of the United States to the cause of action."  <u>Macklin v. United States</u>, 300 F.3d 814, 819 (7th Cir. 2002) (citing <u>Harrell v. United States</u>, 13 F.3d 232, 234 (7th Cir. 1993); <u>Arford v. United States</u>, 934 F.2d 229, 231 (9th Cir. 1991)).  The plaintiff's failure to satisfy either one of the requirements warrants dismissal of his claim.  <u>Id.</u>  Plaintiff Priest has failed to meet both of the above requirements.

Plaintiff's request for injunctive relief further violates the Anti-Injunction Act, 26 U.S.C. § 7421, and having reviewed the judicial exception to the Anti-Injunction Act articulated in <u>Enochs v. Williams Packing & Navigation Co.</u>, the Court is convinced that Plaintiff's allegations do not satisfy the requirements of the exception.  <u>See</u> <u>Enochs</u>, 370 U.S. 1 (1962).  The Anti-Injunction Act of the Internal Revenue Code specifically provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  In <u>Enochs</u>, the Supreme Court also instructed that the Anti-Injunction Act does not apply in cases where the taxpayer shows that the tax liability is causing him irreparable harm and that he is certain to prevail on the merits.  <u>Enochs</u>, 370 U.S. at 6-7.  It is clear that Plaintiff's claims do not fall within the exception.

To the extent that Priest requests a refund of $36,000.00 for the 2000 tax year, this Court also lacks subject matter jurisdiction to grant such a request.  Federal district courts have jurisdiction over a tax refund claim

pursuant to 28 U.S.C. § 1346(a)(1).[6]  A taxpayer invoking a federal district court's jurisdiction over a tax refund claim "must first pay the full amount of the tax assessed and then pursue a refund."  Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir. 1987) (citing Flora v. United States, 357 U.S. 63 (1958); Curry v. United States, 774 F.2d 852 (7th Cir. 1985); 28 U.S.C. § 1346(a)(1)).  In the present case, Plaintiff Priest has failed to satisfy this jurisdictional prerequisite.  Priest and his wife have only paid a portion of the 2000 tax assessment; they still owe more than $30,000.00 in tax liability.  See 1040X Amended Tax Return.  Therefore, this Court lacks subject matter jurisdiction over Priest's refund claim.

To the extent that Plaintiff requests litigation costs, the Court need not address that request since Plaintiff is not the prevailing party in this case.

THEREFORE, the IRS's Motion for Summary Affirmance (d/e 11) concerning the Notice of Determination is ALLOWED, and Plaintiff's

---

[6]Section 1346(a)(1) provides:
(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; . . .

Motion for Summary Judgment (d/e 16) is DENIED.  The Court dismisses Plaintiff's remaining substantive claims for lack of subject matter jurisdiction.  Plaintiff's request for litigation costs is DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   July 13, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE